## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**JERRY VANWAGNER**                                                         **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 4:18CV150-GHD-RP**

**GLORIA PERRY, ANGELA BROWN,**                                          **DEFENDANTS**
**C. FAULKS, ET AL**

---

### MOTION TO AMEND COMPLAINT
### PURSUANT TO RULE 15(A) OF THE
### FEDERAL RULES OF CIVIL PROCEDURE

---

**COMES NOW**, the Plaintiff, Jerry VanWagner, by and through himself, pro se, and moves this Honorable Court for leave to amend his original complaint, to include the addition of the Mississippi Department of Corrections (M.D.O.C) as Defendants, it is also being amended to reflect that all Defendants are being sued in their individual and official capacities under color of State law, and to amend the requested relief to include monetary damages in the following amounts: Compensatory damages in the amount of sixteen-million dollars ($16,000,000); Nominal damages to be determined by this Honorable Court; and Punitive damages to be determined by this Honorable Court. In support of this motion, the Plaintiff submits the following, to-wit:

### I.

Plaintiff submits he contracted Hepatitis C after his incarceration. According to MDOC Records Dept., Plaintiff was received by MDOC on/or about October 2010. MDOC Records

Dept. also indicate Plaintiff was housed at East Mississippi Correctional Facility, a privately owned facility, for approximately one (1) year. Plaintiff was then re-housed to the Kemper County Regional Facility for approximately one (1) year.

It is clearly understood that MDOC Policy and Procedures forbid an offender who is infected with Hepatitis C from being housed at a regional or privately owned facility. MDOC Records Dept. plainly show that Plaintiff VanWagner did not have Hepatitis C when he was received by MDOC in 2010. And it was not determined that Plaintiff VanWagner contracted Hepatitis C until 2012 when he did in fact test positive for Hepatitis C.

After being received by MDOC, Plaintiff VanWagner has been solely reliant on the various facilities he has been housed at for proper grooming standards. This is to include haircuts by whatever inmates the MDOC Staff have assigned to the task. And as a matter of fact, it is impossible for Plaintiff VanWagner to speculate as to how many haircuts he has received while incarcerated. Haircuts which were given by inmates who are unlicensed barbers and who have no supervision as far as personal hygiene and the proper cleaning of the hair clippers, combs, brushes, and other materials used in giving inmates haircuts. Therefore it is quite likely that Plaintiff VanWagner contracted Hepatitis C from dirty, unclean and unsanitary hair clippers. Plaintiff VanWagner has not engaged in any other activity which could put him in jeopardy of contracting Hepatitis C.

In the case of **Johnson v. Epps, 479 Fed. App. 583 (2012)**, the plaintiff in that case contracted Hepatitis C in the same fashion, the result of unlicensed, untrained barbers who were not practicing proper sanitary procedures, and there was no supervisor to ensure proper safety procedures. Within the various Mississippi facilities which house inmates, it is inevitable that when an inmate receives a haircut, the barbers result in cutting the neck or one of the inmate's

ears while getting the haircut. Plaintiff VanWagner submits that almost every haircut he received result in a nick to the neck or one of his ears. It appears that MDOC refuses to provide the proper cleaning solutions and also fails to properly train the inmate barbers in the various cleaning tactics. Therefore, inmate barbers currently cutting hair at MDOC facilities, as well as the regional facilities and private facilities, are all spreading the Hepatitis disease throughout the State of Mississippi.

## II.

Inmates incarcerated within the Mississippi Department of Corrections are unable to obtain their own medical services. In **Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979)**, the United States Supreme Court held that the Constitution requires prison authorities to provide the inmates with reasonably adequate medical care. See also **Langley v. Coughlin, 888 F.2d 252, 254 (2nd Cir. 1989)** (officials must provide reasonably necessary medical care which would be available to the prisoner if not incarcerated).

Plaintiff VanWagner has diligently attempted to obtain the medication which will cure his Hepatitis C disease. Plaintiff VanWagner has submitted numerous medical requests complaining about the Hepatitis C disease he has, and had requested the cure, all to no avail. MDOC medical records reveal that Plaintiff VanWagner has elevated enzyme levels and a swollen liver, all of which are a direct result of having Hepatitis C. The Defendants are indeed aware of the liver being swollen, and that Plaintiff VanWagner is suffering extreme pain. However, the Defendants refuse to schedule an appointment with a GI specialist and/or provide the Plaintiff with the available cure for Hepatitis C. It appears the Defendants have chosen to gamble with Plaintiff VanWagner's life. The United States Supreme Court dealt with a similar matter years ago in **Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)** when the Court

clearly established that deliberate indifference to medical needs, in violation of the Eighth Amendment can be manifested by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

The longer the Defendants withhold the medication/cure for Hepatitis C from Plaintiff VanWagner, certain organs continue to deteriorate and cause irreparable damage. Hepatitis C is a serious disease, it is the number one cause of liver transplants in the United States, as well as the number one cause of liver cancer in the United States. **(Cowan Test, Dec. 23, 2015, Doc. 96 at 20:17-22) (Id. at 21:22-22-2) <u>Abu-Jumal v. Weyzel</u>, (2017 WL 34700).**

Plaintiff VanWagner submits the Defendants know that Hepatitis C is a deadly disease and that the Plaintiff will more likely than not die from the disease if the disease is not treated in a timely manner. Damages such as cirrhosis of the liver are now very real possibilities. The Defendants refusal to administer sound treatment when treatment and/or a cure is available, may have already jeopardized Plaintiff VanWagner's health, as well as the quality and quantity of life itself. **(Cowan Test 20:17-22) <u>Abu-Jamal v. Wetzel</u>.**

Plaintiff VanWagner submits that the Defendants could of sent Plaintiff to a gastroenterologist years ago in order to help determine the specific stage of his Hepatitis C. This could help determine if there is irreversible liver damage. The Defendants have failed to make any decisions that would provide a full and certain diagnosis. Ultimately, it appears that MDOC does not want to provide the cure for Plaintiff VanWagner.

According to **<u>Chimiti v. Pennsylvania Department of Corrections</u>, (slip copy)(2017 WL 3394605)** chronic Hepatitis C can lead to chronic liver disease, liver fibrosis (scarring of liver tissue) liver cancer, liver failure, diabetes, heart failure, kidney disease and even death. **(Id. ¶ 19-31).**

Plaintiff VanWagner is suffering inflammatory disease, pain, fatigue, increased risk of cancer, liver failure, heart attacks, and possible death because of the Defendants intentional delays and denying Plaintiff VanWagner access to the medications needed to cure Hepatitis C.

It is not known to what degree of liver damage is present or how much more damage the Defendants' unnecessary delays have caused and are still causing. These unnecessary delays could result in a partial cure or irreparable damage. Of course this could all have been avoided had it not been for the Defendants delays. Cirrhosis of the liver is now a very real possibility. Plaintiff VanWagner's quality and quantity of life has already been jeopardized.

According to Plaintiff VanWagner's research, the first step to curing Hepatitis C is to vaccinate for Hepatitis A and B, which requires medical shots (vaccinations). This vaccination process takes seven (7) months and is a pre-requisite requirement before taking Hepatitis C medications. Even though the Hepatitis A and B is not expensive, the Defendants refuse to administer the Hepatitis A and B vaccination, and use the Hepatitis A and B vaccination as another way of prolonging and further delaying the expense of curing Plaintiff VanWagner's Hepatitis C. It should also be noted that Doctor Tony Castillo, who is assigned to Unit 42 at the Mississippi State Penitentiary, Parchman, MS, stated that the medication to treat Hepatitis C was expensive and MDOC refused to pay for the Plaintiff to receive expensive medications.

The Defendants have withheld life saving medication from the Plaintiff because of the costs of the medication, and this could have already taken years off of the Plaintiff's life. Plaintiff VanWagner submits that it is unimaginable to allow the Defendants to continue denying him the life saving medication for Hepatitis C. See, **Abu-Jumal v. Wetzel** (Slip Copy 2017); **Estelle v. Gamble,** 429 U.S. 97, 104-05.

**III.**

Plaintiff VanWagner submits the Defendants are intentionally retaliating against him as a result of this civil action. In support of this claim, Plaintiff VanWagner submits the following:

Plaintiff VanWagner has suffered from chronic back pain as a result of injuries to his neck and back. Plaintiff complained of this problem to the Unit 42 physicians and they provided Plaintiff with a "bottom rack profile" which means he must be housed on a bottom bed and **not** a top bed. Plaintiff VanWagner was indeed housed on a bottom bed. Recently Plaintiff VanWagner was removed from his bed and placed on a top bed, for no apparent reason.

It should be noted that Nurse Practitioner Angela Brown, who works at Unit 42, MSP, advised Plaintiff VanWagner to cease from doing sit-ups, push-ups or anything that would cause the Plaintiff's liver to press against his ribcage because it would inflame Plaintiff's liver and cause severe pain. Having to crawl up on a top bed is causing Plaintiff VanWagner considerable pain and causing his liver to become inflamed as well, therefore a bottom-rack profile was necessary for his health and well-being.

After Plaintiff VanWagner was removed from his bottom rack, he complained about it to numerous officials, and also wrote letters to the department heads, all to no avail. The Court may find it interesting that on February 13, 2019, Magistrate Judge Percy ordered process and service upon the MDOC Defendants, and on that same day Plaintiff was ordered to move to the top bed. It seems very strange that Plaintiff was ordered on a top rack the same day the Defendants were served this civil action. Plaintiff VanWagner suggests this was retaliatory action on behalf of the Defendants. Being placed on a top rack has been causing Plaintiff VanWagner severe hardship and pain, and still is to this day. It should also be noted that several bottom beds have come open in recent weeks, yet Plaintiff was denied each time he made a request. It should also be noted that Plaintiff VanWagner did in fact utilize the State

Administrative Remedy to address his problem about the top rack. As of this date, nothing whatsoever has been heard from the Administrative Remedy paperwork he filed. **(A copy of ARP is attached hereto as an exhibit)**

## IV.

Plaintiff VanWagner is requesting leave of this Honorable Court to Amend his former complaint with the above and herein facts and circumstances. Plaintiff also moves this Honorable Court to grant leave to amend the damages requested previously, and to add MDOC as Defendants in this cause and matter. Plaintiff would now request additional relief in Compensatory damages in the amount of six-teen million dollars ($16,000,000); That the Court, at the conclusion of the trial, to grant Nominal damages in the amount to be decided by this Court, as well as Punitive damages to be granted as well.

Plaintiff VanWagner would further request that no retaliatory action be taken against him as a result of filing this civil action. In support of this request, Plaintiff VanWagner submits the following, to-wit:

That pursuant to Federal Rules of Civil Procedure, Rule 15(a), "leave to amend a complaint shall be freely given when justice so requires. See, **United States v. Rinscos, 76 F.3d 93, 94 (5th Cir. 1996); Sherman v. Hallbauer, 455 F.2d 1236, 1242 (5th Cir. 1972); McGrader v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979).** Although not automatic the decision to grant or deny such leave is within the sound discretion of the district court. See, **Bloom v. Bexar Texas, 130 F.3d 722, 727 (5th Cir. 1997); Halbert v. City of Sherman, 33 F.3d 526, 529 (5th Cir. 1994).** The policy of the Federal rules is to permit liberal amendments to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. See, **Dussouy v. Gulf Coast Inn. Corp., 660 F.2d 594, 598 (5th Cir. 1981).**

With this policy in mind the district court "may" consider a variety of factors when deciding whether to grant leave to amend, including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, under prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment. See, **Dussouy, 660 F.2d at 598**. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. See, **Dussouy, 660 F.2d at 598**.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff VanWagner moves this Honorable Court to freely grant leave to amend the complaint in this civil action with the above stated facts and circumstances, and the damages as stated herein. Plaintiff VanWagner would request such other relief as deemed appropriate in this cause and matter.

**THIS**, the _____ day of March, 2019.

Respectfully submitted,

_____

Jerry VanWagner

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY**, that I, Jerry Van VanWagner, pro se, have this day cause to mail the attached pleadings/documents, postage prepaid by United States Postal Service, First-Class Postage, to the below named individuals:

> Honorable David Crews, Clerk
> United States District Court
> 301 W. Commerce Street #13
> Aberdeen, MS 39730

**SO CERTIFIED**, this the _12th_ day of March, 2019.

Jerry Van VanWagner
#161751 Unit 30-C
Post Office Box 1060
Parchman, MS 38738

3-5-2019

Hon. David Crews Clerk
United States District Court
301 W.Commerce St #13
Aberdeen, MS. 39730

RE: Motion to Show Cause
No. 4:18-00150-GHD-RP.

Please Find enclosed the original
and two copies of Motion to Show
cause For docketing and Filing in your
usual Manner. Please return me a
Filed copy to the address listed below
Thank you For your assistance.

Respectfully Submitted
Jerry VanWagner #161751
M.S.P.
P.O Box 1060
Parchman, MS. 38738

-1-

In The United State District
Court For The Northern District
of Mississippi Greenville Division

Jerry VanWagner                    Plaintiff
        V.              civil action no. 4:18-CV-00150-GHD-RP
Gloria Perry                       Defendants
Angela Brown
C. Faulks
M.D.O.C et al

    Motion For an Order to
        Show  Cause

    Comes Now the plaintiff named
in the above styled numbered cause,
pursuant to F.R.C.P. 65(a) and files
this motion for an order to show
cause and in support thereof would
show unto this Honorable Court
as Follows:

            1

                -2-

That on February 22, 2019 the plaintiff received a process and scheduling order from the Honorable Roy Percy dated February 13, 2019 instructing plaintiff that his trial is for November 4, 2019 at 9:30 AM in Oxford, MS. before U.S. District Court Judge Glen H. Davidson. On February 13, 2019 after the signing of this order M.D.O.C security staff removed the plaintiff off of his bottom bunk and placed him on a top bunk.

2.

That the plaintiff is a special needs chronic care offender who suffers from back and neck injuries, he received from a severe car accident (See, M.D.O.C medical record). The plaintiff is being forced to sleep on a top bunk out of retaliation, See, Woods v. Smith, 60 F 3d 1161, 1166

-3-

(5th Cir 1995), cert denied, 516 U.S. 1084, 1164 S.Ct. 800, 133 L.Ed. 2d 747 (1996).

3.

That the plaintiff has a bottom bunk medical profile which security staff has knowledge of but refuses to honor, the profile. See, Exhibit A "bottom bunk profile, signed by defendant Angela Brown". Prison and/or medical staff may not retaliate against prisoners for exercising their Constitutional rights. See, Morris v. Powell, 449 F.3d 682, 684 (5th Cir 2006).

4.

That in order to prevail on an Eighth Amendment claim as well as a Fourteenth Amendment claim of retaliation for denial of medical care a plaintiff must allege

-4-

Facts which demonstrate deliberate
indifference to the serious Medical
Needs of prisoners which constitutes
unNecessary and wanton infliction
of pain proscribed by the Eighth
Amendment. See, Farmer V. Brennan,
511 US 825, 828, 114 S.Ct 1970, 128 L.Ed.
2d 811 (1994). Prisons are to provide
prisoners with adequate Food, clothing,
Shelter, medical, dental and psychological
care. See, Estelle V. Gamble, 429 U.S.
99, 104-105, 50 L.Ed 2d 251, 260 (1976).

5.

That a prison official acts with
deliberate indifference only if he
Knows of and disregards an excessive
risk to inmate health or safety;
the official must both be aware of
Facts from which the inference
could be drawn that substantial
risk of serious harm exists, and
he also draw the inference. See,

Farmer at 837, 114 S.Ct 1970. Also
See, 2-22-2019 letter to Unit 30
Warden Banks Exhibit B.

6.

That the plaintiff has met
the four requirements for an
injunction pursuant to F.R.C.P. 65(a)
especially when he has been forced
to file a grievance to correct
the violation. See 2-26-2019
grievance pending as Exhibit C.
The plaintiff is petitioning to this
Honorable court to issue an order
to Unit 30 Warden Banks to show
cause as to why the plaintiff
has been removed from a bottom
bunk and placed on a top bunk,
with the knowledge of a bottom
bunk profile and the plaintiffs
medical conditions. The plaintiff
asserts that he is entitled to
an injunctive relief under § 1983

- 6 -

See, Fraw ex rel. v. Hawkins, 540 U.S. 431 437 124 S.ct 899 157 L.Ed 2d 855 (2004).

Wherefore premises Considered the plaintiff respectfully moves this Honorable court to grant his motion for an order to show cause pursuant to F.R.C.P. Rule 65(a) and issue a show cause order to Warden Banks directing him to show cause as to why his staff has removed the plaintiff off a bottom bunk and placed him on a top bunk with the knowledge of his medical condition and bottom bunk profile.

Respectfully Submitted
Jerry VanWagner 161751
M.S.P. Unit 30, C building,
A zone bed # 29
Parchman, MS. 38738

-7-

# MEDICAL FOLLOW-UP FORM

DATE 2/22/19

NAME Jerry VanWagner MDOC# 161751 UNIT 30c

LAY IN _____

CHANGE IN WORK CLASS Bottom BunB. x one year

DATE 2/22/19 — 2/23/20

RETURN APPT. DATE _____

PROCEDURE _____

DR. angela Brown, CNP

MS 7720

EXHIBIT "A"

2-22-2019

M.S.P. Unit 30
C/o Warden Banks
P.O Box 608
Parchman, MS 38738

RE: Bottom Bunk
No. 4:18-00150-GHD-RP

Dear Sir

On 2-13-2019 I was moved
From a bottom bunk and assigned
to a top bunk, Eventhough your
security staff has Knowledge of
my Medical issues and bottom bed
Profile

By this letter I am requesting
to be assigned to a bottom bed
in Unit 30, C building, A zone.
Thank you For your assistance

Respectfully
Jerry VanWagner, 161751
M.S.P. Unit 30, C building,
A zone bed #29
Parchman, MS. 38738

Exhibit B

-9-

2-26-2019

Richard Pennington
M.S.P.
P.O Box 609
Parchman, MS. 38738

   Mr. Pennington, In this request I ask that my pending A.R.P. be dismissed, and the attached A.R.P take president
   Thank you for your assistance.


                    Respectfully
                    Jerry VanWagner #161751
                    M.S.P. Unit 30, C building,
                    A zone, bed # 29
                    Parchman, MS. 38738



EXHIBIT "C"

— 10 —

This is a request for an Administrative Remedy to a Sensitive Issue

I am incarcerated for an Aggravated D.U.I.. During this auto accident my vehicle flipped and ejected my wife through the front windshield of our vehicle, She was pronounced dead at the scene of the accident. This auto accident also broke the C-5 vertibrate in my neck and T-7 in my back. I now suffer severe back pain from these injurys.

All of this information is contained in my institutional, and medical files. I am 48 years old and have a bottom bed profile. However I have been assigned to a top bed.

-1-

-11-

My Neck and back injurys are so severe that Doctor, Timothy Wiebe, at Forrest General Hospital, "Hattiesburg Mississippi", told Me Not to lean My head back when I Shave, because it would cause pain and could paralize Me. See, My Medical Files.

M.D.O.C security staff demands that I climb to the top bed, eventhough this climb is causing Me severe pain and could result in significant injurys.

There have been Numerous bottom beds availible in Unit 30, C building, A zone. And there are Numerous young men in Unit 30, C building, A zone, who are assigned to bottom beds and do not have bottom bed profiles.

This top bed assignment is unnecessary cruel and unusal punishment, that is causing me undue pain and suffering.

Relief Sought

Assign me to a bottom bed in Unit 30, C building, A zone.

I am enrolled in the Heating and Air Conditioning class. Therefore I do not want to be retaliated against and/or moved out of Unit 30, C building, A zone.

Respectfully
Jerry VanWagner # 161751
M.S.P. Unit 30, C building,
A zone, bed # 29
Parchman, MS. 38738

-3-
- 13-

Certificate of Service

This is to certify that I, Jerry VanWagner Pro Se counsel have cause to be mailed, United States Postal Service, First Class postage prepaid mailed a true and correct copy of the Motion to show cause to the following:

Hon. David Crews Clerk,               M.S.P. Unit 30
United States District Court          % Warden Banks
301 W. Commerce St. # 13              P.O Box 608
Aberdeen, MS 39730                    Parchman, MS 38738

So Certified this the 5th day of
. March 2019.

                    Respectfully Submitted
              Jerry VanWagner
              M.S.P.
              P.O Box 1060
              Parchman, MS 38738

-14-