# CHAPTER VIII

# ADMINISTRATIVE REMEDY PROGRAM

**I. GENERAL**
MDOC has installed in all of its institutions/facilities a formal administrative remedy mechanism for use by all inmates committed to the custody of MDOC. Inmates will be required to use this program before they proceed with a lawsuit. Procedures to access the program will be posted at each institution/facility.

**II. DEFINITION OF ADMINISTRATIVE REMEDY**
A written complaint by an inmate on the inmate's own behalf regarding the following:
- A policy within an institution/facility;
- An action involving an inmate or employee of an institution/facility;
- An incident occurring within an institution/facility; and or
- A condition in an institution/facility.

**III. PURPOSE**
MDOC has established the Administrative Remedy Program through which an inmate may seek formal review of a complaint relating to any aspect of their incarceration. Through this procedure, inmates shall receive reasonable responses and, where appropriate meaningful remedies. This procedure applies to all inmates confined in, or committed to MDOC.

**IV. PROCEDURES**
A. Inmates are encouraged to continue to seek solutions to their concerns through informal means. However, to ensure their right to use the formal procedure they must make their request to the Administrative Remedy Program (ARP) in writing within a 30 day period after an incident has occurred. If, after filing in the formal procedure, an inmate receives satisfactory response through informal means, the inmate shall request in writing that ARP cancel his formal request for administrative remedy.
B. Inmates may request information or assistance in using the program from their Case Manager or from any staff member in their housing unit.
C. The printed forms used in the process contain precise instructions for inmate participants. All instructions should be read and followed carefully by the inmate.
D. The original letters of request to ARP should be as brief as possible. The letter should clearly indicate the terminology "this is a request for administrative remedy." The inmate should present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident.
E. The initial complaint of an ARP and ARP appeals must be submitted through the ILAP office by completing an ILAP request form indicating ARP/ARP appeal pickup and the deadline date.
F. The First Step Response Form ARP-2 is to be used by the inmate to continue additional steps in the process, there is no need to try to rewrite the original letter or request in this limited space. The original letter of request is available to all reviewers at each step of the process. The inmate must merely give a reason for their dissatisfaction with the previous response.
G. If the inmate needs additional space for citing reasons for continuing in the process, they may use another page of paper. The inmate should send the original to ARP and make a copy for his/her file.
H. Once an inmate's request for remedy is accepted into the procedure, they must use the ARP envelope that is furnished with his/her Step One response to continue the procedure. The requested information on the envelope should be filled in before forms are inserted since the forms are self-carbon. The flaps on the envelope may be tucked into the envelope for mailing, or the inmate may choose to tape or staple the envelope closed. Do not glue the envelope.

**V. SCREENING**
The Administrative Remedy Program Director will screen all requests prior to assignment to the First Step. If a request is rejected, it must be done for one of the following reasons, which shall be noted on Form ARP-1.
A. The relief sought is beyond the power of MDOC to grant.
B. The complaint concerns an action not yet taken or a decision not yet made.
C. There has been a time lapse of more than 30 days between the event and the initial request.
D. The inmate has requested a remedy for more than one incident (a multiple complaint).
E. The request does not contain the phrase "this is a request for administrative remedy".


EXHIBIT D

VI. **ACCEPTANCE OR REJECTION**
Notice of the request's acceptance or rejection will be given via Form ARP-1. If a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance.

VII. **ABUSE OF THE PROCEDURE**
A. If an inmate submits additional requests during the period of Step One review of his request, the first request will be accepted and handled. The others will be logged and set aside for handling at the Director's discretion. A maximum of 10 requests will be logged. Requests above that number will be returned to the inmate and not filed.
B. If a request is unclear or the volume of attached material is too great, it may be returned to the inmate with a request for clarity or summarization on one additional page. The inmate shall have five days to file his corrected grievance after notification is received.
C. If an inmate refuses to cooperate with the inquiry into his allegation, the request may be cancelled by noting the lack of cooperation on the Form ARP-1 and returning it to the inmate.

VIII. **DEADLINE AND TIME LIMITS**
A. Unless an extension has been granted, no more than 90 days shall elapse from beginning the process to ending the process. Absent such an extension, expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process.
B. An inmate may request an extension in writing of up to five days in which to file at any stage of the process. This request shall be up to the ARP Director for Steps One and Two. The inmate must have valid reasons for the delay and must accompany their request for an extension.
C. Valid reasons for delay shall be addressed at each step. The inmate must be notified in writing of such an extension. In no case may cumulative extensions exceed 25 days.

IX. **SENSITIVE ISSUES**
A. If the inmate believes that the complaint is sensitive and that they would be adversely affected if the complaint became known at the institution or facility, they may file the complaint directly to the ARP Director, and the inmate must explain, in writing, the reason for not filing the complaint at the institution/facility.
B. If the ARP Director believes that the complaint is sensitive, he shall accept and respond to the complaint. If the ARP Director does not agree that the complaint is sensitive, he shall advise the inmate in writing and return the complaint. The inmate shall then have five days from the date the rejection memo is received to submit their request through regular channels, beginning with the first step.

X. **EMERGENCY GRIEVANCE**
A. A matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury, or cause other serious and irreparable harm to the offender.
B. If the offender feels he/she is subjected to emergency conditions, he/she must send an emergency request to the ARP Director. The ARP Director will immediately review the request and forward it to the level at which corrective action can be taken.

XI. **RVR APPEALS**
A. At the time of notification of a guilty finding in a disciplinary hearing, the offender will be notified that he/she has the right to appeal any decision of, or disciplinary action taken by the Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee of that under/center involved via the ARP Director.
B. The appeal will be submitted in writing within fifteen (15) days after a copy of the disciplinary Hearing Officer's decision is offered to the offender and will set forth in detail the grounds for any appeal.
C. If the offender is not satisfied, he/she may file suit in state or federal court. The offender must provide the ARP number on the court forms.